1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

The Honorable _____

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION**

FRANCIS FAYE OAK,

              Plaintiff,

    v.

MULTICARE HEALTH SYSTEM,

              Defendant.

Case No. 3:25-cv-05913

**NOTICE OF REMOVAL**

*Removed from Pierce county Superior Court, Case No. 25-2-11719-2*

TO:       THE CLERK AND HONORABLE JUDGES OF THE UNITED STATE DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, TACOMA DIVISION

AND TO:    PLAINTIFF AND HER ATTORNEYS OF RECORD

       Defendant MultiCare Health System (***Defendant***), pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal with respect to the above-captioned case, which was filed and is currently pending in the Superior Court of the State of Washington, for the County of Pierce, No. 25-2-11719-2.  In support of this Notice of Removal, Defendant states as follows:

## I.    <u>BACKGROUND</u>

       1.     On September 22, 2025, Plaintiff Francis Faye Oak filed a complaint in the Superior Court of the State of Washington, for the County of Pierce captioned *Francis Faye Oak v. MultiCare Health System*, Case No. 25-2-11719-2 (***State Court Action***). A true and correct copy of this Complaint is attached hereto as **Exhibit A**.

NOTICE OF REMOVAL - 1

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

2.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of "all process, pleadings, and orders" received by Defendant in the State Court Action, is attached hereto as **Exhibit B**.

3.     Because Defendant has filed this Notice of Removal within thirty days of receipt of the documents, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

4.     In accordance with 28 U.S.C. § 1446(d), a copy of Defendant's Notice of Filing of Notice of Removal is being filed contemporaneously with the Superior Court of the State of Washington, for the County of Pierce. **Exhibit C**.

5.     In accordance with 28 U.S.C. § 1446(d), Defendant is contemporaneously serving this Notice of Removal on Plaintiff.

## II.     FEDERAL JURISDICTION

6.     The lawsuit concerns benefits that Plaintiff believes were wrongly denied to her pursuant to the MultiCare Health System Flexible Benefits Program, MultiCare MyConnected Care Plan administered by MultiCare ("Plan"). Compl. ¶ 4. A copy of the Plan is attached here as **Exhibit D**.

7.     Although Plaintiff does not reference ERISA in the Complaint, she seeks benefits under an employee welfare benefit plan that is governed by ERISA.

8.     Because the plan at issue was provided by Plaintiff's employer, it is governed by ERISA. *See* 29 U.S.C. § 1002(1) (defining an "'employee welfare benefit plan' [as] any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of . . . disability . . . .").

9.     The Plan documents state that it is governed by ERISA. **Exhibit D**, at 116 ("**ERISA** is the federal Employee Retirement Income Security Act of 1974, as amended, which governs plan administration, supervision and management.") (emphasis in original).

NOTICE OF REMOVAL - 2

10.     The Complaint underscores that Plaintiff's claim turns on the text of the Plan. She repeatedly references the ERISA-governed Plan, alleged obligations under the Plan, and/or how the at-issue claims were adjudicated under the Plan thus providing the basis for her alleged injury. For example:

A.     "By placing these coverage exclusions in the Plan, MultiCare ensures that no medical reviewer can overturn MultiCare's decision to eliminate all coverage for the specifically listed gender affirming treatment, even when medically necessary." Compl. ¶ 14.

B.     "MultiCare's categorical exclusion of certain medically necessary gender affirming care is irrational and arbitrary, and may be more expensive for MultiCare than covering the disputed procedures. Indeed, the longer MultiCare refuses to cover medically necessary gender-affirming care to treat gender dysphoria, the more it puts its employees' health and well-being at risk." Compl. ¶ 15.

C.     "Because of MultiCare's discriminatory exclusion, Ms. Oak was forced to delay her medically necessary gender-affirming surgery and then later, proceed without any coverage. Unlike her non-transgender colleagues, Ms. Oak was required to pay the full out-of-pocket expense for her medically necessary health care at a considerable cost, impairing her and her family's financial security." Compl. ¶ 16.

D.     "Ms. Oak brings this action to challenge MultiCare's blanket exclusion of medically necessary gender-affirming care as illegal sex discrimination and/or sexual orientation discrimination and to obtain a judgment declaring it unlawful, thereby preventing its enforcement." Compl. ¶ 17.

E.     "MultiCare designs a self-funded Plan that delivers health coverage to its employees. MultiCare designed the Exclusion and directed its third-party administrator to administer it in order to exclude specific treatment when sought to treat gender dysphoria. By intentional design, the Exclusion is uniquely targeted at transgender employees, since

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

transgender persons are the only individuals diagnosed with gender dysphoria. MultiCare deliberately included the Exclusion to ensure that certain medically necessary treatment of gender dysphoria needed by transgender employees would not be covered." Compl. ¶ 57.

11.     Plaintiff alleges that "MultiCare violated the law when it . . . denied [Plaintiff] benefits, and prevented her from receiving coverage" under the Plan. Compl. ¶ 90.

12.     ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

13.     As ERISA provides the exclusive remedy for a claim for benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g., Aetna Health, Inc. v. Davila*, 542 U.S. 200, 220 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).).

14.     Indeed, ERISA preempt a state law claim if the claim "has a reference to an ERISA plan if it is premised on the existence of an ERISA plan or if the existence of the plan is essential to the claim's survival." *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 665 (9th Cir. 2019).

15.     Here, ERISA squarely preempts the Complaint. Plaintiff is seeking to recover benefits allegedly due to her under the Plan and/or challenge the adjudication of the Plan. Her claim is thus indisputably premised on the terms of the Plan.

16.     Courts have recognized that similar common law claims are completely preempted. *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983) (holding that claim based on state anti-discrimination law was completely preempted by ERISA where plaintiff alleged that

NOTICE OF REMOVAL - 4

plan did not provide benefits to employees disabled by pregnancy as required by the state anti-discrimination law); *Stone v. Travelers Corp.*, 58 F.3d 434, 437 (9th Cir. 1995) (finding that plaintiff's state law age discrimination claim was completely preempted by ERISA).

17.    Accordingly, because the Complaint seeks benefits under an ERISA-regulated plan, Plaintiff's claims arise under federal law, specifically, ERISA 29 U.S.C. § 1132(a)(1)(B). The Court thus has original jurisdiction over all counts in the Complaint pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

### III.    VENUE AND NOTICE

18.    Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 110, this Court embraces the Superior Court of the State of Washington, for the County of Pierce. Accordingly, this Court is the appropriate venue for removal of this action. 28 U.S.C. § 1441(a).

19.    Prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel, and to the Clerk of Court for the Superior Court of the State of Washington, for the County of Pierce, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto at **Exhibit C.**

### IV.    CONCLUSION

20.    Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331; therefore, the Court may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

21.    Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without waiving their right to challenge the sufficiency of service of process, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages she seeks may be properly sought).

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

22.     Should Plaintiff seek to remand this case to state court, Defendant respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendant asks that the Court retain jurisdiction and allow Defendant to file a motion asking this Court to certify any remand order for interlocutory review by the Ninth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

Respectfully submitted this 9th day of October, 2025

SEYFARTH SHAW LLP


By:  */s/Lauren Parris Watts*
     Lauren Parris Watts, WSBA No. 44064
     Daniel O. Culicover, Bar No. 55085
     999 Third Avenue, Suite 4700
     Seattle, Washington 98104-4041
     Phone:   (206) 946-4910
     Email:   lpwatts@seyfarth.com
              dculicover@seyfarth.com

*Counsel for Defendant*
*MultiCare Health System*

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910

1

## <u>CERTIFICATE OF SERVICE</u>

2

3        I hereby certify that on October 9, 2025, I have caused a true and correct copy of the

foregoing to be filed via the CM/ECF system, and to be served upon the following, via the

4

method(s) indicated below:

5

6   Eleanor Hamburger (WSBA #26478)          ☐ via U.S. Mail, Postage Prepaid
    Ari Robbins Greene, WSBA #54201           ☐ via Messenger Service
7   SPIRANNI YOUTZ, et al.                    ☒ via  USDC W WA CM/ECF
    3101 Western Avenue, Suite 350            ☒ via Email:  Courtesy Copy
    Seattle, WA  98121
8   Phone:  206-223-0303
    Email:   ehamburger@sylaw.com
9            arobbinsgreene@sylaw.com

10  Ellen L. Eardley, *pro hac vice, pending*  ☐ via U.S. Mail, Postage Prepaid
    MEHRI & SKALET, PLLC                       ☐ via Messenger Service
11  2000 K Street NW, Suite 325                ☐ via  USDC W WA CM/ECF
    Washington DC 20006                        ☒ via Email:  Courtesy Copy
12  Phone:  202-822-5100
    eeardley@findjustice.com

13  DATED this 9th day of October, 2025, at Seattle, Washington.

14

15                                    */s/Lauren Parris Watts*
                                      Lauren Parris Watts

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF REMOVAL - 7

SEYFARTH SHAW LLP
999 Third Avenue
Suite 4700
Seattle, Washington  98104-4041
(206) 946-4910